Per Curiam,
The contract, which forms the foundation of this suit, having been fully executed, by the payment of the purchase-money on the one part, and by the execution and delivery of the deed on the other, it is clear that no action can be maintained upon it. Echo.ls covenanted “ to sell and convey by a deed of warranty,” and that covenant was fulfilled by the delivery of a deed of special warranty. Such being the case, a delivery to one of the co-tenants or co-contractors would be a delivery for all, for, by that act, it passed from the possession and power of the grantor, and, when it was received by Egbert, he necessarily received it, not only for himself, but also for his associates. It is true, had the deed not been such as the covenants of the articles of agreement required, the receipt of it by Egbert would not have bound the others; but, as it did accord with those covenants, the delivery was perfect.
The exception to the evidence comes to nothing, because the admission of the evidence complained of did the plaintiff no harm, and the defendant no good. Had there been a question of fraud or mistake, it would have been relevant. As the case stood, however, when it went to the jury, it was simply irrelevant, in that the defendant’s case was complete without it.
The judgment is affirmed.